UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| WILLIAM N. ADKINS, | ) Case No. 12-31050 |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |
| | ) |
| INTERNATIONAL FIEDLITY INSURANCE | ) |
| COMPANY, | ) |
| | ) Adversary Proceeding No. 16-03307 |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| R. KEITH JOHNSON, Chapter 7 Trustee, | ) |
| YEOPIM PARTNERS, LLC, a North Carolina | ) |
| limited liability company, and WATERFRONT | ) |
| GROUP, LLC, a North Carolina limited liability | ) |
| company, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT; SUGGESTION OF ABSTENTION**

Defendant Yeopim Partners, LLC ("Yeopim") files this memorandum in support of its motion for summary judgment, and further requests that the Court consider abstention from this matter.

## I. INTRODUCTION

Yeopim has filed a motion pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure ("FRBP"), adopting Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), for summary judgment (the "Motion") against Plaintiff International Fidelity Insurance Company ("Plaintiff") and Defendant R. Keith Johnson, in his capacity as chapter 7 trustee (the "Trustee") In the Motion, Yeopim seeks summary judgment for a determination that (1) certain funds that belong to Waterfront Group, LLC ("Waterfront") and are at present in the Trustee's trust account are subject to a lien or security interest of Yeopim, (2) Yeopim has an enforceable claim against Waterfront, (3) Yeopim's claim against these funds is superior to any claim of the Plaintiff or Trustee, and (4) the Trustee should be ordered to turnover the funds to Yeopim.

In support of the Motion, Yeopim will submit the affidavit of Thomas Gajda (the "2017 Gajda Aff."), which has been provided to the parties to this adversary proceeding. In addition, Yeopim asks that the Court take judicial notice of pleadings filed herein, as well as in both the

Mark Adkins and William Adkins Chapter 7 proceedings pending before the Court.

Yeopim also would contend that the Court should consider abstention from this matter. It appears that this proceeding is based on state law claims, it is only "related to" the underlying bankruptcy proceedings, and there appears that this litigation will not result in any benefit to the bankruptcy estates.

## II.   STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. Yeopim adopts, for purposes of the Motion only, the recitation of facts set forth in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment. For the sake of brevity, Yeopim will not repeat all those facts herein, but would bring the following additional facts to the Court's attention.

2. On September 4, 2012, Branch Banking & Trust Company ("BB&T") filed proofs of claim in the amount of $11,732,468.06 in both the William Adkins and Mark Adkins Chapter 7 cases (collectively the "BB&T Claim").

3. The BB&T Claim against Waterfront is guaranteed by William Adkins, Mark Adkins and at least eight corporate entities, including Adkins Land Groups, Inc.; Landstar Development, LLC; Adkins Aviation, LLC; Waterfront Group, Inc.; Waterfront Group, LLC; Swiper Lot Clearing, Inc., Waterfront Group Florida, LLC; and NC Mountain Investments, LLC;

4. On March 11, 2013, BB&T assigned all of it's rights, title and interest to the BB&T Claim to Patten Sales & Marketing, LLC ("Patten"). Affidavit of John E. Beasley, filed on September 23, 2014 in Chapter 7 case of William Adkins, Case No. 12-31050 [Doc. 66] ("Beasley Affidavit").

5. On January 22, 2014, Patten assigned all of it's rights, title and interest in the BB&T Claim to Yeopim. 2017 Gajda Aff. *See also* January 5, 2015 Affidavit of Tomas Gaja, filed on February 27, 2015 in Chapter 7 case of William Adkins, Case No. 12-31050 [Doc. 66] (the "2015 Beasley Affidavit").

6. BB&T's rights, which are now owned by Yeopim, specifically include a security interest in the funds which were held in BB&T account number xxxx2985 (the "Waterfront Funds"). Beasley Affidavit, Exhibit A attached thereto, August 23, 2010 Security Agreement between Waterfront and BB&T (the "BB&T Security Agreement"). *See also* BB&T account statement, attached to Motion for Ex Parte Order Directing Turnover of Funds in Bank Account, filed on August 26, 2014 in Chapter 7 case of Mark R. Adkins, Case No. 12-31051 [Doc. 42]. The $130,710.05 which was in BB&T account xxxx2985 are the funds which are the subject of this proceeding.

7. The BB&T Security Agreement grants liens to secure: a) a March 21, 2008 Promissory Note in the amount of $9,000,000.00 (maturing September 5, 2009); b) a February 14, 2007 Promissory Note in the amount of $3,000,000.00 (maturing February 5, 2008); c) a March 12, 2010 Promissory Note in the amount of $1,800,000.00 (maturing August 15, 2010); d)

Guaranty Agreement from Waterfront of all debts of Adkins Land Group, Inc.; e) Guaranty Agreement from Waterfront of all debts of Landstar Development, LLC; and f) "any other note or other document now or hereafter evidencing any debt or obligation whatsoever incurred by any Obligor, and payable to [BB&T]."

8.      As shown by the Bill of Sale and Assignment of Loan Documents (Yeopim Motion to Compel Abandonment, filed in William Adkins case Exhibit 2 [Doc. 71]), the collateral for the BB&T Claim against Waterfront included at least six deeds of trust on real property in four different counties.

9.      Neither Patten nor Yeopim has filed a Notice of Transfer of Claim pursuant to Bankruptcy Rule 3001(e).

10.     On January 6, 2016, after BB&T had assigned the BB&T claim, the Trustee filed an objection to the BB&T claim in the William Adkins case [Doc. 93]. In response, on February 11, 2016, counsel for BB&T filed a "Notice of Withdrawal of Proof of Claim 12-1" [Doc 104]. No objection to the BB&T Claim has been filed in the Mark Adkins Chapter 7 case. No distributions have been made to creditors in the Mark Adkins or William Adkins cases.

11.     Yeopim intends to file a Motion to Reinstate the BB&T Claim (or seek similar relief) and file a Notice of Transfer of Claim in the William Adkins case, and to file a Notice of Transfer of Claim in the Mark Adkins case. Yeopim further intends to amend the BB&T Claims to address in detail the issues raised in the Trustee's January 6, 2016 Objection.

12.     Plaintiff and Yeopim are creditors of Waterfront. The Trustee has agreed to the allowance of general unsecured claims of $2,638,227.58 in favor of the Plaintiff in both the William and Mark Adkins Chapter 7 cases (based on the Debtor's guaranties of the Waterfront debt). Without regard to the holder or the allowability of the BB&T Claim, the claims of Plaintiff against Waterfront greatly exceed the amount of the Waterfront Funds being held by the Trustee.

13.     Nothing in the record indicates whether or not the Plaintiff and the holder of the BB&T Claim are the only creditors of Waterfront.

### III. ARGUMENT

**A.    ABSTENTION**

The assets of Waterfront must be used to satisfy any claims against Waterfront before the Trustee may receive any assets as the holder of interests in Waterfront. The evidence indicates...but is not conclusive... that the only asset of Waterfront is the Waterfront Funds. The evidence further indicates that the debts of Waterfront vastly exceed the amount of the Waterfront Funds. The known claims against Waterfront are held by the Plaintiff and the holder of the BB&T Claim. Both the Plaintiff and the holder of the BB&T Claim have security interests in the Waterfront Funds. This proceeding is therefore based on state law claims, it is only "related to" the underlying bankruptcy proceedings, and there appears that this litigation will not result in any benefit to the bankruptcy estates.

The Complaint filed herein by Plaintiff alleges that this Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1334 and 157(b), and that "although Waterfront's assets are not property of the Debtor's estate, this Court has jurisdiction to determine matters related to Waterfront and its property by virtue of the fact that the Trustee hold sole control of Waterfront and it assets and is currently holding the Waterfront funds in his trust account". The Trustee and Yeopim, through former counsel, admitted this allegation. The undersigned believes that the Court should review the facts of the case to determine if it does in fact have jurisdiction.

Two cases were cited in support of this Court taking jurisdiction. Both of these cases concerned the Trustee's rights to control a single-member LLC, not whether a Trustee should control a single-member LLC. First, *In re Albright*, 291 B.R. 538 (Bankr. D. Colo. 2003), in which the Court does not discuss jurisdiction per se, but rather focuses on the Chapter 7 Trustee's right to control an LLC solely owned by the debtor. Although the opinion does not set out the LLC's balance sheet, there appears to be the presumption that if the Trustee controlled the single-member LLC (as opposed to having only the right to a charging order), the Trustee "may cause the LLC to sell its property ***and distribute net proceeds to his estate***."

In *In re Cleveland*, 519 B.R. 304 (D. Nev. 2014), the issue was also whether a bankruptcy trustee succeeds to all of a debtor's rights in a single-member limited liability company (including the right to control and manage such entity) rather than being limited to obtaining a charging order against a debtor's membership interest in the limited liability company, which is the sole remedy available to a judgment creditor under the Nevada limited liability company statute.

**B.    THE SUMMARY JUDGMENT STANDARD**

Yeopim adopts the recitation of the standards set forth in Plaintiff's Memorandum of Law.

**C.    YEOPIM HAS THE RIGHT TO ASSERT THE BB&T CLAIM**

The expiration of the statute of limitations to bring a deficiency action does not extinguish the claim of a foreclosing creditor. *See Rouss v. Ditmore*, 122 N.C. 775 (1898)("Statutes of limitation act merely upon the remedy, but do not extinguish or discharge the claim"). In *Dubois v. Atlas Acquisitions, LLC*, 834 F.3d 522(4th Cir. 2016), the Fourth Circuit Court of Appeals also addressed whether the filing of a proof of claim in bankruptcy for a stale debt was a violation of the Fair Debt Collection Practices Act. The Dubois Court reasoned that

> the statute of limitations "does not operate to extinguish [a] debt, but to bar the remedy." *Potterton v. Ryland Grp., Inc.*, 424 A.2d 761, 764 (Md. 1981) (quotation omitted); *see also Higginbotham v. Pub. Serv. Comm'n of Md.*, 985 A.2d 1183, 1191 (Md. 2009) ("[W]e have regarded limitations as not denying the plaintiff's right of action, but only the exercise of the right." (quotation omitted)). Indeed, a stale debt may be revived if the debtor sufficiently acknowledges the debt's existence. *Potterton*, 424 A.2d at 764; *see also* FTC, TIME-BARRED DEBTS

(July 2013), https://www.consumer.ftc.gov/articles/ 0117-time-barred-debts ("Although the [debt] collector may not sue you to collect [a time-barred] debt, you still owe it. The collector can continue to contact you to try to collect . . . .[and] [i]n some states, if you pay any amount on a time-barred debt or even promise to pay, the debt is 'revived.'")

The Dubois Court further found that, if a debt barred by a statute of limitations is not scheduled in a bankruptcy proceeding and no proof of claim is filed, "...the debt continues to exist and the debt collector may lawfully pursue collection activity apart from filing a lawsuit". *See also Midland Funding, LLC v. Johnson*, 581 U.S.   (2017) (filing proof of claim for debt barred by statute of limitations is permissible, as a "claim" is a "right to payment", and "state law usually determines whether a person has such a right".).

Also, the BB&T Claim is based on a series of notes which mature at different times. Pursuant to N.C.G.S. § 45-21.11. "Application of statute of limitations to serial notes":

> ***When a series of notes maturing at different times is secured by a mortgage or deed of trust and the exercise of the power of sale for the satisfaction of one or more of the notes is barred by the statute of limitations, that fact does not bar the exercise of the power of sale for the satisfaction of indebtedness represented by other notes of the series not so barred. (1949, c. 720, s. 1; 1967, c. 562, s. 2.)***

The BB&T Claim is secured by numerous deeds of trust. North Carolina has a ten (10) year statute of limitations for commencing a foreclosure. N.C.G.S. § 1-47(c). The statute applies the ten year period to

> ***the foreclosure of a mortgage, or deed in trust for creditors with a power of sale, of real property, where the mortgagor or grantor has been in possession of the property, within ten years after the forfeiture of the mortgage, or after the power of sale became absolute, or within ten years after the last payment on the same.***

In *In re Brown*, 771 SE 2d 829 (N.C. App. 2015), the Court held that the NC foreclosure statute of limitations does not start to run upon the date of default on the note, but "instead begins on the date of maturity of the loan, unless the note holder or mortgagee has exercised his or her right of acceleration." In the case at bar, none of these statutes of limitations have yet expired, as the maturity dates have not passed on any of the notes.

**D.    CONCLUSION**

The BB&T Claim against Waterfront, and the security therefor, were assigned by BB&T to Patten, and then Patten assigned them to Yeopim. The BB&T Security Agreement did not require a control agreement with respect to the Waterfront Funds, as the funds were on deposit in a BB&T account. When the BB&T Claim was assigned to Patten, and then Yeopim, it is not clear whether or not Waterfront executed a control agreement with respect to those creditors and the Waterfront Funds. In no event should the Court grant the Plaintiff's Motion for Summary

Judgment. If both Yeopim and the Plaintiff are creditors of Waterfront, then perhaps outside of the bankruptcy process they would share the Waterfront Funds...perhaps pro rata. However, there is no evidence to demonstrate who the creditors of Waterfront are, or whether the Plaintiff and Yeopim are the only creditors of Waterfront. If Waterfront has additional creditors, those creditors would also be entitled to share in the Waterfront Funds.

Dated this 7th day of January, 2018.

**THE HENDERSON LAW FIRM**

/s/James H. Henderson
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte NC 28202-2826
Telephone:	704.333.3444
Facsimile:	704.333.5003
Email:	henderson@title11.com