**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| In re:<br><br>**WILLIAM N. ADKINS,**<br><br>Debtor. | Case No.: 12-31050-JCW<br><br>Chapter 7 |
| **INTERNATIONAL FIDELITY INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**R. KEITH JOHNSON,** chapter 7 trustee, **YEOPIM PARTNERS, LLC,** a North Carolina limited liability company, and **WATERFRONT GROUP NC, LLC**, a North Carolina limited liability company,<br><br>Defendants. | Adv. Proc. No. 16-03307-JCW |

**MEMORANDUM OF LAW (I) IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (II) IN RESPONSE TO DEFENDANT YEOPIM PARTNERS, LLC'S REQUEST FOR ABSTENTION**

Plaintiff International Fidelity Insurance Company ("International Fidelity" or "Plaintiff") files this memorandum (the "Reply Brief") in further support of its motion for summary judgment [Docket No. 37] and in response to the request for abstention posed by Yeopim Partners, LLC ("Yeopim") in its motion for summary judgment and memorandum of law in support of same [Docket Nos. 39 and 40, respectively].

**I. ARGUMENT**

On January 8, 2018, this Court held a hearing on International Fidelity's and Yeopim's respective motions for summary judgment (the "Summary Judgment

Hearing"). The Summary Judgment Hearing was continued to January 23, 2018. International Fidelity files this Reply Brief to directly address certain issues raised by the Court and Yeopim at the Summary Judgment Hearing and raised by Yeopim in its memorandum of law in support of summary judgment, which was filed the evening prior to the Summary Judgment Hearing.

### A. The *First Citizens* Case Does Not Apply.

At the Summary Judgment Hearing, the Court expressed concerns about International Fidelity's argument that any claim by Yeopim to the approximately $130,710 funds previously held by Branch Banking and Trust ("BB&T") in a deposit account for Waterfront Group NC, LLC ("Waterfront NC"), and transferred to Defendant Keith Johnson's IOLTA Trustee Account (the "Waterfront Funds"), was barred by the one-year deficiency judgment statute of limitations – N.C.G.S. § 1-54. This Reply Brief will address the Court's concern.

It is not disputed that any possible claim by Yeopim is based upon a series of assignments that start with BB&T. It is further not disputed that a foreclosure action against property owned by Waterfront NC was brought and the Substitute Trustee's Deed was delivered no later than March 17, 2014. Finally, it is not disputed that a deficiency action was not brought within one year and, in fact, has not been brought at all. Thus a claim by Yeopim (alleged successor to BB&T) against Waterfront NC for any further funds is barred by the one-year statute of limitations.

The Court raised concerns whether International Fidelity has standing to raise the one year statute of limitations bar, and made reference to *First Citizens Bank & Trust Co. v. Martin*, 44 N.C. App. 261 (1979) ("*First Citizens*"). In that case, after the lender

foreclosed on a deed of trust, the lender sued individual makers on the note. These individual makers were not the owners of the foreclosed upon property. The owner was Investment Securities, Inc. In a case of first impression, the Court held that the individual makers on the note, who were not owners of the foreclosed property, could not assert the one year statute of limitation of N.C.G.S. § 1–54(b) as a defense to a claim against them. The defense is limited to the prior owner of the foreclosed property – Investment Securities, Inc.

The *First Citizens* case is not applicable to the case at bar. Yeopim is seeking to recover the Waterfront Funds from Waterfront NC. Waterfront NC, owner of the funds, was the owner of the foreclosed property, and thus has standing to assert the one year statute of limitations defense. The Trustee controls Waterfront NC and has repeatedly stated that Yeopim is not entitled to the Waterfront Funds, and thus, Waterfront NC, not International Fidelity, is asserting this defense.

Waterfront is entitled to the benefit of the one year statute of limitations of N.C.G.S. § 1–54(b) in a claim by Yeopim. This results in International Fidelity being the only party with a claim to the Waterfront Funds. That International Fidelity advised the Court of this bar to Yeopim's claim may have caused confusion, but even under the *First Citizens* case, Yeopim's claim against Waterfront NC, and thus the Waterfront Funds, is barred.

### B. Subject Matter Jurisdiction.

Although the parties were previously in agreement and consented to this Court's jurisdiction, Yeopim now raises the issue of subject matter jurisdiction, requesting that

the Court "review the facts of the case to determine if it does in fact have jurisdiction." (Yeopim Brief at p. 4).

Upon review of the facts not in dispute in this case, the Waterfront Funds are not property of the estate and the estate has no interest in the Waterfront Funds. The trustee, nominal defendant Johnson, solely holds the Waterfront Funds in trust in his general IOLTA trust account, and not a specific estate account in the bankruptcy case and only holds the funds pending further order of this Court.

International Fidelity consented to jurisdiction of this Court, and reaffirms its consent and requests entry of an order for summary judgment in its favor. However, in the event the Court determines that it does not have subject matter jurisdiction and dismisses this action, Plaintiff respectfully requests that any order dismissing the action (a "Dismissal Order") contain certain findings of fact and conclusions of law to avoid re-litigation of key issues related to the Waterfront Funds.

First, the Plaintiff requests the Dismissal Order contain a finding that the Waterfront Funds are not property of the estate. Second, the Plaintiff respectfully requests that the Dismissal Order clearly state that it supersedes any prior order of this Court regarding the Waterfront Funds, including the Order dated October 6, 2014 (the "October 2014 Consent Order") which directed the Waterfront Funds to Mr. Johnson's IOLTA account. Third, the Plaintiff requests the Dismissal Order state that Mr. Johnson has no interest in the Waterfront Funds in his capacity as trustee for the estate or otherwise, and therefore the "Barton Doctrine," as originally articulated in *Barton v. Barbour*, 104 U.S. 126, 128 (1881), does not apply here. Finally, the Plaintiff requests that, in the event the Court believes that the Barton Doctrine does apply, the Court grants

International Fidelity leave to pursue the Waterfront Funds consistent with applicable state law.

## II. CONCLUSION

There are no material facts in dispute. Based upon the undisputed facts stated and legal arguments presented by International Fidelity, is entitled to summary judgment that (1) the Waterfront Funds are not subject to any lien or security interest of Yeopim, (2) Yeopim does not have any enforceable claim against Waterfront, (3) International Fidelity has a claim against Waterfront in an amount not less than $1,227,765.40, and (4) International Fidelity has a claim against the Waterfront Funds that is superior to any claim of the Trustee Mr. Johnson against these funds.

In the event the Court determines there is no subject matter jurisdiction and dismisses this proceeding, however, the Plaintiff respectfully requests the Dismissal Order state that (1) the Waterfront Funds are not property of the Estate, (2) the Dismissal Order supersedes the October 2014 Consent Order, and (3)(i) that the Barton Doctrine does not apply because Mr. Johnson is not holding the Waterfront Funds as estate property or in his capacity as trustee for this estate, or, (ii) that the Plaintiff is granted leave of Court to pursue the Waterfront Funds, in satisfaction of the Barton Doctrine's requirement.

Dated this 19th day of January, 2018.

        SHUMAKER, LOOP & KENDRICK, LLP

        /s/ Julia A. May
        Julia A. May (N.C. Bar No. 50528)
        101 South Tryon Street, Suite 2200
        Charlotte, NC  28280
        Telephone:  704-375-0057
        Facsimile:  704-332-1197
        jmay@slk-law.com

        and

        William H. Sturges (N.C. Bar No. 8524)
        101 South Tryon Street, Suite 2200
        Charlotte, NC  28280
        Telephone:  704-375-0057
        Facsimile:  704-332-1197
        wsturges@slk-law.com

*Counsel to Plaintiff International Fidelity Insurance Company*

# CERTIFICATE OF SERVICE

This is to certify that the foregoing **MEMORANDUM OF LAW (I) IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (II) IN RESPONSE TO DEFENDANT YEOPIM PARTNERS, LLC'S REQUEST FOR ABSTENTION** has been duly served by placing a true and correct copy thereof in an envelope with first-class postage affixed and by depositing the same in the United States Post Office in Charlotte, North Carolina, addressed to the following persons and has been duly served by the Court's CM/ECF system on all other parties entitled to notice:

> R. Keith Johnson
> 1275 Highway 16 South
> Stanley, NC  28164
>
> James H. Henderson
> 1201 Harding Place
> Charlotte, NC  28204
>
> Bankruptcy Administrator
> Western District of North Carolina
> 402 West Trade Street, Suite 200
> Charlotte, NC  28202

Dated this 19th day of January 2018.

                                                                                            /s/ Julia A. May